UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON YUAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANA MAY HOWNG, an individual, and AMERICAN EXPRESS COMPANY,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:18-cv-1960-L-MSB<br><br>**ORDER:**<br>**(1) GRANTING DEFENDANT AMERICAN EXPRESS COMPANY'S MOTION TO COMPEL ARBITRATION [Doc. 20]**<br><br>**(2) DENYING PLAINTIFF'S CROSS MOTION FOR DEFAULT JUDGMENT [Doc. 26]**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANT HOWNG'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS [Doc. 33]** |

　　　Pending before this Court is Defendant American Express Company's ("Defendant" or "AMEX") motion to compel Plaintiff Aaron Yuan ("Plaintiff") to submit his claims to arbitration. Also, Plaintiff's cross motion for default judgment and Defendant Dana May Howng's ("Howng") motion for leave to file counterclaims are pending. The Court decides these matters on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1).

For the reasons stated below, the Court **GRANTS** Defendant's motion, **DENIES** Plaintiff's motion, and **DENIES** Howng's motion.

I. **BACKGROUND**

This case arises out of failed personal relationship between Plaintiff and Howng. At all times relevant, Plaintiff owned a consumer checking account with Citibank, N.A. ("Citibank"). Around July 2010, Howng stole Plaintiff's identity and remotely accessed Plaintiff's Citibank account without his advanced permission. Between August 1, 2010 and April 30, 2017, Howng electronically debited Plaintiff's Citibank account approximate 189 times, without Plaintiff's knowledge, to pay Howng's personal credit card accounts, including accounts with AMEX. Plaintiff claims he never consented to Howng's use of the Citibank account. While Plaintiff and Howng had little to no contact with each other since December 2012, Plaintiff was unaware of the previous transactions until Citibank sent an account inquiry to him in approximately February 2017.

Plaintiff filed a Complaint in this Court on August 23, 2018, alleging violations of the following statutes: (1) Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)); (2) Stored Communications Act (18 U.S.C. §§ 2701-11); (3) Wiretap Act (28 U.S.C. §§ 2510-22); and (4) Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502). *See* Doc. 1. Plaintiff also alleges claims for conversion and unjust enrichment. *See id.* AMEX subsequently moved to compel arbitration. Doc. 20. Plaintiff opposed, arguing (1) AMEX's motion is untimely; (2) the claims raised in Plaintiff's Complaint are outside the scope of the Arbitration Agreement (the "Agreement"); and (3) Plaintiff is entitled to entry of default because AMEX failed to timely respond to the Complaint. *See* Docs. 25, 26. Howng then moved for leave to file counterclaim. The Court will address these motions in turn.

II. **LEGAL STANDARD**

The parties do not dispute that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court must consider two threshold questions to determine whether to

compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [Federal Arbitration] Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* The party resisting arbitration bears the burden of proving that the claims at issue are not suitable for arbitration. *Green Tree Fin. Corp.-Ala. V. Randolph,* 531 U.S. 79, 91 (2000).

### III.  MOTION TO COMPEL ARBITRATION [DOC. 20]

Plaintiff contends that AMEX's motion to compel arbitration should be denied as untimely. However, the contention is not grounded in the appropriate legal framework. A party seeking to prove an opposing party waived their right to compel arbitration must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Kelly v. Pub. Util. Dist. No. 2 of Grant Cnty.*, 552 Fed.Appx. 663, 664 (9th Cir. 2014) (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Plaintiff fails to make a showing under any of the prongs above. As such, the Court finds that AMEX's motion to compel arbitration merely two months after being served and before any significant motions practice was held was not untimely.

Plaintiff also contends that AMEX's motion should be denied because the claims raised in the Complaint are outside the scope of the Agreement. Since the Agreement's validity is undisputed [*see* doc. 25, 27], the Court only addresses whether this dispute is covered by the Agreement here. When determining whether the arbitration clause encompasses the claims at issue, "all doubts are to be resolved in favor of arbitrability." *Simula v. Autoliv*, 175 F.3d 716, 721 (9th Cir. 1999). "[C]ourts must 'rigorously enforce' arbitration agreements according to their terms" in accordance with the FAA. *Am. Exp. Co. v. Italian Colors Rest.*, 133 S.Ct. 2304, 2309 (2013) (quoting *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 221 (1985)). The Agreement states the term "Claim"

encompasses claims against any third party using any product, service, or benefit in connection with any account if such third party is named as a co-party with us in connection with a Claim asserted by you against the other. *See* Doc. 20-1 at 14. The Agreement also states the term "Claim" will be enforced and includes any accounts created under any of the Agreements[1] or any balances on any such accounts. *See ibid.* The Court finds that the claims here fall squarely within the Agreement's arbitration language. Plaintiff, an AMEX Centurion cardholder, sets forth claims in his Complaint against a third party, Howng, and AMEX, as a co-defendant for Howng's allegedly unauthorized use of the electronic debit service to pay her AMEX account. Since this type of matter is expressly contemplated for in the Agreement, the Court must enforce the arbitration provision. Therefore, AMEX's motion to compel arbitration is GRANTED. Accordingly, Plaintiff's claims shall be submitted to arbitration and this matter shall be stayed under 9 U.S.C. § 3. The Clerk of Court is instructed to terminate all pending motions, deadlines, and hearings, and administratively close the close. The parties must notify the Court within seven (7) days of the conclusion of arbitration proceedings.

## IV. <u>CROSS MOTION FOR DEFAULT [DOC. 26]</u>

Plaintiff contends he is entitled to an entry of default under Federal Rule of Civil Procedure 55(a) against AMEX because AMEX failed to file a response to Plaintiff's Complaint in accordance with Rule 12(a). Under Rule 12(a)(1)(A)(i), a defendant must serve a responsive pleading within 21 days after being served with the summons and complaint. Rule 55(a) instructs that the clerk must enter a party's default when a party against whom judgment is sought fails to defend and that failure is shown by affidavit or otherwise. However, a court may set aside an entry of default for good cause before default

---

[1] Under Plaintiff's Agreement Between Cardmember and American Express Centurion Bank ("Centurion Bank Agreement"), the term "Agreements" includes the Centurion Bank Agreement, the Electronic Funds Transfer Services Agreement, and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above agreements. Doc. 20-1 at 14.

4

judgment is entered pursuant to Rule 55(c). Courts consider the following factors when determining whether "good cause" exists, (1) whether the plaintiff would be prejudiced by the setting aside of the default; (2) whether the defendant has a meritorious defense; (3) the defendant's culpability in the default; and (4) the timeliness of the motion to set aside the default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994)

While AMEX did not comply with Rule 12(a), entry of default is not warranted here. While AMEX was served on August 27, 2018 and did not engage in the litigation until November 2018, Plaintiff was not prejudiced as AMEX was represented at the November 16, 2018 case management conference before the magistrate judge and participated. AMEX represents that the magistrate judge approved AMEX's oral request for an extension to file a responsive pleading at the case management confeence. For that reason, the responsive pleading was timely. As discussed above, the merits of AMEX's defense to Plaintiff's claims must be submitted to arbitration. Taken together, the Court determines that entry of default is not the appropriate relief in this instance. Therefore, Plaintiff's cross motion for entry of default is DENIED.

### V. MOTION FOR LEAVE TO FILE COUNTERCLAIM [DOC. 33]

Howng requests leave of the Court to file a permissive counterclaim under 15(d). Plaintiff opposes the motion asserting that the proposed counterclaim is futile. "In determining whether a party should be allowed to file a supplemental pleading asserting a counterclaim, courts use Federal Rule of Civil Procedure 15's standard for granting leave to amend." *F.D.I.C. v. Twin Dev., LLC*, 2012 WL 1831639, at *6 (S.D. Cal. May 18, 2012). Under Rule 15(a), "[t]he court should freely give leave when justice so requires." The Supreme Court has identified the following factors as relevant to the determining whether leave to amend should be denied: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) futility of amendment; and (5) undue prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment, alone, justifies denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However,

a proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

While Plaintiff proved demonstrated that Howng's Wiretap Act was futile, the Court does not find that no set of facts can be proved under an amendment to constitute valid claims yet. Notwithstanding, Howng's proposed counterclaim as presently drafted fails to sufficiently allege claims and requires revision. As such, Howng's motion for leave to file a counterclaim is GRANTED IN PART and DENIED IN PART. Accordingly, Howng has 14 days from the filing date of this order to file a counterclaim that sufficiently alleges the claims it seeks in her proposed counterclaim. Plaintiff will then have 21 days to file a responsive pleading to Howng's counterclaim. If Howng does not timely file her counterclaim, further leave will not be granted.

## VI. Conclusion and Order

For the foregoing reasons, the Court **GRANTS** AMEX's Motion to Compel arbitration and **STAYS** the matter as to Plaintiff's claims against Howng and AMEX [doc. 20]. The court **DENIES** Plaintiff's cross motion for entry of default [doc. 26]. The Court **GRANTS IN PART** and **DENIES IN PART** Howng's motion for leave to file counterclaim [doc. 33].

**IT IS SO ORDERED.**
Dated: June 20, 2019

Hon. M. James Lorenz
United States District Judge